Kevin Chames OSB #870300
Attorney at Law
kevin.chames1@gmail.com
4150 N. Suttle Road
Portland, OR 97217
503 939-3933

Manuel Hiraldo FLB #30380*
Lead Counsel
Hirladolaw.com
HIRLADO P.A.
mhiraldo@hiraldolaw.com
401 E. Las Olas Blvd., Ste 1400
Fort Lauderdale, Florida 33301
Phone: (954) 400-4713

Stefan Coleman FLB: #30188*
Law Offices of Stefan Coleman, P.A.
law@stefancoleman.com
1072 Madison Ave. #1
Lakewood, NJ 08701
Phone: (877) 333-9427
Fax: (888) 498-8946

*Motion for admission *pro hac vice* forthcoming

UNITED STATES DISTRICT COURT

FOR THE OREGON DISTRICT COURT

PORTLAND DIVISION

| | |
|---|---|
| **TODD NICHOLSON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**REI ENERGY LLC,** a limited liability company,<br><br>*Defendant.* | Case No. : 18-203<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Todd Nicholson ("Nicholson" or "Plaintiff Nicholson") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant REI Energy LLC ("REI" or "Defendant REI") to (1) stop its practice of placing calls using an "automatic telephone dialing system" to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place autodialed telephone calls to consumers who did not provide their prior express written consent to receive them, and (3) obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Nicholson is a natural person and resident in Portland, Oregon.

2. Defendant REI is a corporation with a principal place of business located at 1901 N Central Expy Suite 300, Richard, TX 75080. Defendant conducts business throughout this District, the State of Texas, and the United States.

## NATURE OF THE ACTION

3. Senator Hollings, the Telephone Consumer Protection Act's ("TCPA") sponsor, described computerized calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone cord out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Fram Bank, F.S.B.,* 746 F.3d 1242, 1256 (11th Cir. 2014). Thus, the TCPA was enacted to empower the private citizen and to protect the privacy (and perhaps the sanity) of consumers nationwide.

4. But, unfortunately, computerized calls continue to increase and further invade the privacy of millions of consumers. In 2016, 4 million complaints related to unwanted calls were lodged with the Federal Communications Commission (the "FCC").[1] This number is markedly higher than the previous year, which yielded 2.6 million complaints (which rose from the year before that).[2] Notably (and inauspiciously), many consumers who have been subjected to illegal calling activity do not report each instance of illegal calling activity, and the actual number of consumers affected by illegal calls is significantly higher.

5. Here, Defendant contacts consumers *without their prior express written consent* in an effort to solicit their business with respect to investing in energy-related opportunities.

6. Accordingly, this case addresses Defendant's repeated pattern and practice of calling consumers on their cellular telephones using an autodialer who have no direct relationship with Defendant. Defendant conducted (and continues to conduct) a wide-scale solicitation campaign that features the repeated making of unwanted autodialed phone calls to

---

[1] *National Do Not Call Registry Data Book FY 2016, October 1, 2015 - September 30, 2016,* FEDERAL TRADE COMMISSION (Dec. 2016), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2016/dnc_data_book_fy_2016_post.pdf; *Consumer Complaints Data - Unwanted Calls, FCC - Open Data,* FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwated-Calls/vakf-fz8e.

[2] *National Do Not Call Registry Data Book FY 2015,* FEDERAL TRADE COMMISSION (Nov. 2015), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2015/dncdatabookfy2015.pdf: *Consumer Complaints Data - Unwanted Calls, FCC - Open Data,* FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwated-Calls/vakf-fz8e; *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones,* FEDERAL COMMUNICATIONS COMMISSION, https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf; *National Do Not Call Registry Data Book FY 2014,* FEDERAL TRADE COMMISSION (Nov. 2014), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2014/dncdatabookfy2014.pdf.

consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

7. By making these autodialed calls, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

8. The TCPA was enacted to protect consumers from autodialed telephone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all autodialed telephone calling activities to cellular telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Classes under the TCPA, costs, and reasonable attorney's fees.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, solicits consumers in this District, made and continues to make unwanted autodialed solicitation calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Furthermore, venue is proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

11. Defendant is company that specializes in the acquisition, development and management of conventional and unconventional oil and gas properties. In particular, Defendant provides oil and gas property investment opportunities for which they contact potential investors using an Automated Telephone Dialing System ("ATDS").

12. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

13. Yet in violation of this rule, Defendant fails to obtain any prior express written consent to make these autodialed solicitation calls to cellular telephone numbers.

14. A number of complaints have been posted online from consumers that received unsolicited telemarketing calls from Defendant. Here is a small sampling:

- "Hangup to landline. Looking for investors."[3]
- "They just called me, but they were already blocked."[4]
- "[R]obo call"[5]

---

[3] https://800notes.com/Phone.aspx/1-972-437-6792
[4] https://800notes.com/Phone.aspx/1-972-437-6792

PLAINTIFF'S CLASS ACTION ALLEGATION COMPLAINT    5

- "Selling oil speculations"[6]

- "Investment spam"[7]

- "Picked up phone I did not speak 10 seconds then a hang up"[8]

- "Robo call"[9]

- "I aint got no money for these sumbiches"[10]

15. In placing the calls that form the basis of this Complaint, Defendant utilized an ATDS in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention). In fact, Defendant's senior systems administrator posted that he "maintain[s] predictive dialer servers and accounts."[11]

16. Defendant places calls from telephone number 972-437-6792, a number they clearly display ownership of on their websites Reefogc.com.

---

[5] https://www.whitepages.com/phone/1-972-437-6792
[6] https://www.whitepages.com/phone/1-972-437-6792
[7] https://www.whitepages.com/phone/1-972-437-6792
[8] https://www.whitepages.com/phone/1-972-437-6792
[9] https://findwhocallsyou.com/9724376792?CallerInfo
[10] https://800notes.com/Phone.aspx/1-972-437-6792
[11] https://www.linkedin.com/in/danny-traugott-7618b341/



17. When placing these calls to consumers, Defendant failed to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls.

18. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

19. Defendant made (and continues to make) autodialed solicitation calls to cellular telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF TODD NICHOLSON

20. On December 19, 2017 Plaintiff Nicholson received a call on his cellular phone from Defendant using phone number 972-437-6792. This call was not answered.

21. On December 21, 2017 Plaintiff received an autodialed call on his cellular phone from Defendant, again using phone number 972-437-6792.

22. Upon answering the call, Nicholson noticed a delay, or "dead air". He had to say "hello" twice before the agent actually came on the line. Such a delay is indicative of the use of an autodialer.

23. Plaintiff was told that the purpose of the call was regarding investment opportunities. When asked, the agent said that the calls were on behalf of REI Energy. Plaintiff then told the agent that he was not interested, making it clear that he wanted the calls to stop.

24. Despite his request for the calls to stop, Plaintiff received another autodialed call to his cellular phone on December 22, 2017 from Defendant, again using phone number 972-437-6792. As he did before, Plaintiff made it clear he wasn't interested and terminated the call.

25. REI uses the telephone number 972-437-6792 to place solicitation calls to potential investors.

26. Nicholson does not have a relationship with REI, or any of its affiliated companies, or has ever requested that REI place calls to him. Simply put, REI did not possess Nicholson's prior express written consent to place a solicitation telephone call to him on his cellular telephone using autodialer and Nicholson has no business relationship with REI.

27. By making unauthorized autodialed telephone calls as alleged herein, REI has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. The calls disturbed Nicholson's use and enjoyment of his cellular telephone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Nicholson's cellular telephone. In the present case, a consumer could be subjected to many unsolicited calls as REI does not take care to ensure that the recipients of its autodialed solicitation calls have given their prior express written consent to be called.

28.  In order to redress these injuries, Nicholson, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones.

29.  On behalf of the Class, Nicholson seeks an injunction requiring REI to cease all unsolicited autodialed telephone calling activities and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

## CLASS ALLEGATIONS

30.  Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

31.  The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

32. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed autodialed solicitation calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant systematically made telephone calls to members of the Classes without first obtaining prior express consent to make the calls;

   (c) whether Defendant utilized an automatic telephone dialing system to make its calls to members of the Classes; and

   (d) whether Defendant made autodialed telephone calls to members of the Class without first obtaining prior express written consent to make the calls;

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

35. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227 *et seq.*)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

36. Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

37. Defendant made autodialed solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Autodialed No Consent Class without first obtaining prior express written consent to receive such calls.

38. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

39. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone

numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

40. By making the unwanted solicitation telephone calls to Plaintiff and the Autodialed No Consent Class members' cellular telephones without their prior express consent, and by utilizing an autodialer to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

41. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

42. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

43. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

44. An order declaring that Defendant's actions, as set out above, violate the TCPA;

45. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

46. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

47. An order requiring Defendant to identify any third-party involved in the autodialing as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

48. An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Class;

49. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

50. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

51. An injunction prohibiting Defendant from conducting any future autodialing activities until it has established an internal Do Not Call List as required by the TCPA;

52. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

53. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**TODD NICHOLSON**, individually and on behalf of classes of similarly situated individuals

Dated: January 31, 2018                By: ___/s/ Kevin Chames_____
                                       One of Plaintiff's Attorneys

Kevin Chames
Attorney At Law
4150 N. Suttle Road
Portland, OR. 97217
503 939-3933
kevin.chames1@gmail.com


Manuel Hiraldo*
Hirladolaw.com
HIRLADO P.A.
401 E. Las Olas Blvd., Ste 1400
Fort Lauderdale, Florida 33301
Phone: (954) 400-4713
mhiraldo@hiraldolaw.com

Stefan Coleman*
Law Offices of Stefan Coleman, P.A.
law@stefancoleman.com
1072 Madison Ave. #1
Lakewood, NJ 08701
Phone: (877) 333-9427
Fax: (888) 498-8946

*Motion for admission *pro hac vice* forthcoming

*Attorneys for Plaintiff and the putative Classes*